UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SANKAR PUNOO, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 1:13-cv-12209-IT |
| | * | |
| U.S. CITIZENSHIP AND IMMIGRATION | * | |
| SERVICES, | * | |
| | * | |
| Respondent. | * | |

MEMORANDUM & ORDER

October 23, 2015

TALWANI, D.J.

I.   Introduction

Petitioner Sankar Punoo ("Punoo") filed the Petition [#8] in this action seeking judicial

review of Respondent United States Citizenship and Immigration Services' ("USCIS") denial of

his application for naturalization pursuant to 8 U.S.C. § 1421(c).  Punoo has filed a Motion for

Summary Judgment [#35], arguing he is entitled to naturalization.  For the reasons set forth

below, Punoo's motion for summary judgment is denied.[1]

II.   Factual Background

In June 2000, Punoo, a native and citizen of Guyana, applied for an immigrant visa to

enter the United States as the unmarried, adult son of a lawful permanent resident.  Resp't's Mot.

Summ. J. Ex. B [#38].  At that time, he signed a statement at the United States Embassy in

Guyana certifying that he was unmarried and therefore eligible for the immigrant visa for which

he had applied.  Id.  On June 16, 2000, Punoo entered the United States on an immigrant visa, as

the unmarried, adult son of a lawful permanent resident.  Resp't's Mot. Summ. J. Ex. C [#38].

---

[1] USCIS' cross-motion for summary judgment will be addressed in a separate order.

On April 13, 2010, Punoo signed and submitted an N-400 application for naturalization form to USCIS.  Resp't's Mot. Summ. J. Ex. A.  Section 8.F of Punoo's N-400 form states that he was married to Indranie Chandriah ("Chandriah") from March 4, 1991 until they were divorced on June 21, 2007.  Id. at 5.

On July 14, 2010, Punoo was interviewed under oath by USCIS Immigration Services Officer Caroline Owusu ("Owusu") in connection with his application for citizenship.  Id. at 10. Owusu declares that when she asks an applicant a question taken from the N-400 form she places a red check-mark next to a question if the applicant testifies consistently with the information on the form.  Owusu Decl. ¶ 3 in Resp't's Mot. Summ. J. Ex. F [hereinafter "Owusu Decl."] [#38-1].  Owusu placed red check marks next to various items on Punoo's N-400 form including the marital information in Section 8.F described above.  See Resp't's Mot. Summ. J. Ex. A [#38]. Owusu declares that if Punoo had testified inconsistently with that information she would have noted that on the form.  Owusu Decl. ¶ 5.  Section 8.F of Punoo's N-400 form contains no such notations.  See Resp't's Mot. Summ. J. Ex. A.  As set forth below, Punoo denies having told Owusu that he was married.

On January 30, 2012, USCIS denied Punoo's application for naturalization "for failure to establish [his] lawful admission for permanent residence."  Resp't's Mot. Summ. J. Ex. J. [#38-1].  On or about March 1, 2012, Punoo filed an N-336 form with USCIS, administratively appealing the denial of his naturalization application.  Resp't's Mot. Summ. J. Ex. K [#38-1]. Along with the N-336 form, Punoo submitted an affidavit dated February 29, 2012, in which he states that he was never married and that his apparent statement to the contrary during his N-400 interview was incorrect.  Punoo Aff'd ¶¶ 6, 11 in Resp't's Mot. Summ. J. Ex. L [#38-1].

2

On September 13, 2012, Punoo was interviewed under oath by a USCIS immigration Officer in connection with his administrative appeal (the "N-336 Interview").  Punoo Interview in Resp't's Mot. Summ. J. Ex. N [#38-1].  During the N-336 Interview Punoo stated he was "never married."  Id. at 9:13-17.  On May 7, 2013 USCIS sent Punoo a letter affirming its January 30, 2012 decision and denying his application for naturalization.  Resp't's Mot. Summ. J. Ex. O [#38-1].  Punoo appealed that decision by filing the within petition on October 22, 2013.  Pet. [#8].  Thereafter, USCIS deposed Punoo on November 21, 2014.  Resp't's Mot. Summ. J. Ex. D [#38].  Punoo testified at his deposition that he and Chandriah participated in a Hindu blessing ceremony on March 4, 1991 (the date of marriage listed on his N-400 form) but that the two were never married.  Id. at 30:9-20, 70:24-71:3.  Punoo contends further that his father and brother were also deposed by USCIS and that both testified under oath that Punoo and Chandriah had a religious ceremony in 1991 but were never married.[2]  See Pet'r's Mem. Law Opp'n Resp't's Mot. Summ. J. 9-10 [#42].

III. Discussion

   *1. Summary Judgment Standard*

A movant is entitled to summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A genuine dispute of fact exists if an issue can be resolved in favor of either party.  Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004).  A fact is material if it has the potential to affect the outcome of the case.  Id.  In reviewing a motion for summary judgment, the court takes all properly supported evidence in the light most favorable to the nonmovant, and draws all reasonable inferences in his favor.  Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990).

---

[2] Punoo has not filed the transcripts of the depositions of his father or brother.  The court's analysis would nevertheless be the same even if the transcripts had been filed.

    *2.  Analysis*

Under the Immigration and Nationality Act, an applicant may only be naturalized if he:

> (1) immediately preceding the date of filing his application for naturalization has resided continuously, after being lawfully admitted for permanent residence, within the United States for at least five years . . . , (2) has resided continuously within the United States from the date of the application up to the time of admission to citizenship, and (3) during all periods referred to in this subsection has been and still is a person of good moral character. . . .

8 U.S.C. § 1427(a).

The first element of section 1427(a) requires that the applicant comply with the procedural and substantive requirements for gaining lawful admission for permanent residence. Mejia-Orellana v. Gonzales, 502 F.3d 13, 16 (1st Cir. 2007) (citing De La Rosa v. U.S. Dep't Homeland Sec., 489 F.3d 551, 554 (2d Cir. 2007)).  An applicant who acquired permanent resident status by fraud or misrepresentation was not "lawfully admitted for permanent residence."  Id.  The burden of establishing eligibility for naturalization in every respect is on the applicant.  Berenyi v. Dist. Dir., Immigration & Naturalization Serv., 385 U.S. 630, 637 (1967).

Though it may be that Punoo and Chandriah were never legally married and that they participated only in a religious ceremony to bless their relationship, there is nevertheless some evidence in the record from which a reasonable fact finder could conclude that Punoo was married when he was admitted for permanent residence as the unmarried, adult son of a permanent resident.  Specifically, Punoo's N-400 form states he was married to Chandriah from 1991 to 2007 and Owusu's notes from the N-400 Interview and her declaration suggest that he orally confirmed this information.  Punoo has since maintained that he was never married, and has stated that any representations to the contrary were due to confusion.  Those assertions may very well turn out to be true.  However, at this stage of the proceedings with the evidence viewed in the light most favorable to USCIS, there are disputed facts as to whether Punoo was in fact

unmarried when he was admitted for permanent residence and therefore whether he was "lawfully admitted for permanent residence."  Accordingly, Punoo is not entitled to summary judgment.[3]

IV. <u>Conclusion</u>

For the foregoing reasons, Punoo's <u>Motion for Summary Judgment</u> [#35] is DENIED.

IT IS SO ORDERED.

Date: October 23, 2015                                         /s/ Indira Talwani
                                                              United States District Judge

---

[3] Because the court denies Punoo's motion for summary judgment on this ground, the court need not reach USCIS' further contention that Punoo's motion should be denied because there is a genuine dispute of fact as to whether Punoo has been a person of good moral character.